IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Hugh Jones, | C/A No. 0:19-1860-HMH-PJG |
| Plaintiff, | |
| v. | **ORDER REGARDING AMENDMENT OF COMPLAINT** |
| United States of America, *et. al.*, | |
| Defendants. | |

The plaintiff, Hugh Jones, a self-represented federal prisoner, brings this civil rights and personal injury action. The Complaint has been filed pursuant to 28 U.S.C. § 1915A. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

I.   **Factual and Procedural Background**

Plaintiff, an inmate at the Federal Correctional Institution in Estill, South Carolina, indicates that he injured his wrist while exercising in the prison. (Compl., ECF No. 1 at 3.) Initially, Plaintiff did not seek medical treatment, but due to increased pain and inability to use his hand, Plaintiff reported his injury to medical staff on April 18, 2019. (Id.) Plaintiff claims that the nurse, Jade Lloyd, falsely noted on Plaintiff's medical file that he had no swelling, inflammation, or "clicking and popping." (Id.) On May 16 and 22, 2017, Plaintiff was then seen by a doctor, D. Garcia, but the doctor falsely noted that Plaintiff "denied injury," "denied falling," and failed to show any concern or interest in Plaintiff's injury. (Id. at 4.) Plaintiff claims the actions of the nurse and doctor

show "a concerted effort" to deny Plaintiff medical care, or to save money. (Id. at 5.) Plaintiff claims that as a result, he has not recovered from his injury. (Id. at 8.) He expressly raises claims pursuant to 42 U.S.C. § 1983 for deliberate indifference to medical needs, and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680, 1346(b) for negligence, and he seeks damages. (Id. at 2-3, 8.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915A and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

*PJG*

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B. Analysis**

Plaintiff raises two claims here, both of which are subject to summary dismissal as pled. First, Plaintiff raises a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to medical needs in violation of the Eighth Amendment. Second, Plaintiff raises a claim of negligence pursuant to the Federal Tort Claims Act.

**1. 42 U.S.C. § 1983**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Here, the United States is not amenable to suit pursuant to § 1983 because it does not act under color of state law. Hindes v. F.D.I.C., 137 F.3d 148, 159 (3d Cir. 1998); but see Bivens v. Six Unkown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary

PJG

damages in suits against federal officials in their individual capacities). Accordingly, Plaintiff's claim pursuant to § 1983 is subject to summary dismissal for failure to state a claim upon which relief can be granted.[1]

   2.   **Federal Tort Claims Act**

As to Plaintiff's negligence claim, the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, 1346(b), provides for a limited waiver of the United States's sovereign immunity from suit by allowing a plaintiff to recover damages in a civil action for loss of property or personal injuries caused by the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1); see also Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001) ("The statute permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred.").[2] Because Plaintiff alleges negligence associated with medical treatment at a federal prison located in South Carolina, the substantive law of South Carolina controls. See id.

To recover in a negligence claim under South Carolina law, "a plaintiff must prove the following three elements; (1) a duty of care owed by defendant to plaintiff; (2) breach of that duty

---

[1] To the extent Plaintiff intended to raise a claim pursuant to Bivens—the federal corollary to § 1983, Plaintiff's claim would still be subject to summary dismissal because he has not named an individual amenable to suit under Bivens. See Bivens v. Six Unkown Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (establishing a remedy for plaintiffs alleging certain constitutional violations by federal officials to obtain monetary damages in suits against federal officials in their individual capacities).

[2] Unlike Plaintiff's § 1983 claim, the United States is generally the proper defendant in an FTCA claim. See 28 U.S.C. § 1346(b); F.D.I.C. v. Meyer, 510 U.S. 471 (1994).



by a negligent act or omission; and (3) damage proximately resulting from the breach of duty." Bloom v. Ravoira, 529 S.E.2d 710, 712 (S.C. 2000). Further, when a Complaint involves medical malpractice, the South Carolina Supreme Court requires a plaintiff to show; "(1) the generally recognized and accepted practices and procedures that would be followed by average, competent practitioners in the defendant['s] field of medicine under the same or similar circumstances, and (2) that the defendant[ ] departed from the recognized and generally accepted standards." David v. McLeod Reg'l Med. Ctr., 626 S.E.2d 1, 4 (S.C. 2006). A plaintiff must also "show that the defendant['s] departure from such generally recognized practices and procedures was the proximate cause of the plaintiffs alleged injuries and damages." Id.

Relevant here, to pursue a medical malpractice claim under South Carolina law, a plaintiff must file "as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim . . . ." S.C. Code Ann. § 15-36-100(B). A plaintiff's "failure to file such an affidavit with the Complaint requires dismissal of the case in state court." Allen v. United States, C/A No. 2:13-2740-RMG, 2015 WL 1517510, at *6 (D.S.C. Apr.1, 2015) (adopting the report and recommendation as the order of the court) (citing Rotureau v. Chaplin, C/A No. 2:09-1388-DCN, 2009 WL 5195968, at *6 (D.S.C., Dec. 21, 2009)). Here, Plaintiff's medical malpractice claims are subject to summary dismissal because Plaintiff provides no affidavit from an expert witness pursuant to S.C. Code Ann. § 15-36-100(B).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the

deficiencies identified above.[3] If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 24, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915A. Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).